Catron, C. J.
delivered the opinion of the court.
It is useless, in this cause, to examine the validity of the acknowledgment of the power from the administrator, with, the will annexed, of David C. Jones to Richard K. Jones, or the effect of the power, as by another court, the heirs of John Jones, the grantee, may be made lessors of the plaintiff, and all difficulty, as to the regularity of title, be obviated, if this is not the fact at present.
The defendants proved, they had been in possession of -the premises in controversy for more than seven years before the suit was brought, claiming by virtue of a deed and *227 decree. The grant emanated from the commonwealth Virginia, and is dated in 1787, beginning on Walker’s line, near Cumberland Gap, running east and north, and lying between Walker’s and Henderson’s lines.
Virginia claimed jurisdiction north of Walker’s line, and granted lands hounded by and to it. A controversy as to the true boundary between Virginia and Tennessee having existed, and being likely to produce disquiet, in 1803 (act of 1803, ch. 58), three commissioners on our behalf (appointed pursuant to the act of 1S01, ch. 29), met three others, acting on the part of Virginia, and they agreed, that a line, equally distant from Walker’s and Henderson’s lines, should he the true boundary — which was run and marked; and the second section of the compromise enacts, “That all claims or titles to lands derived from the government of Virginia, where said lands, by the adjustment and estab-, lishment of the line aforesaid, have fallen into this state, shall remain as secure to the owners thereof, as if derived from the government of North Carolina or Tennessee, and shall not he in any wise prejudiced or affected, in consequence of the establishment of the said line.” The act of 1811, ch. 76, provides for registering title papers, but gives no effect to titles, other than the compact had.
The first section of the statute of limitations, of 1819, declares, that where any one has had seven years possess-, ion of any lands, which have been granted by this state, or the state of North Carolina, holding or claiming the same by virtue of a deed, or other assurance, purporting to convey -an .estate in fee simple, he shall hold said land, so specified in his deed, &c., in preference to, and against all manner of persons.
The circuit court held, the act of limitations of 1819, had no application to lands, other than such as had been granted by North Carolina or Tennessee; and that a deed passing no estate, would not draw to it the better title, by seven years adverse possession, if the land claimed had been granted by Virginia. Such this court deems to be *228 the plain import of the act, and that the charge in this respect was correct.
But it is contended, the compact with Virginia, of 1803, confirmed this title, and granted the land in fact; therefore, Jones’s is a grant from the state of Tennessee.
Tennessee, in 1803, had no power to grant the vacant soil within her limits. If the grant made to Jones'by Virginia was void, the land was vacant, and the title in the United States, by virtue of her compact, of 1789, with North Carolina, and an attempt to grant- by Tennessee, could have vested no title. The jurisdiction of Virginia was recognized, and the grant pronounced valid, because made by the proper sovereignty, and rightfully.
We cannot, therefore, say, this land was granted by North Carolina or Tennessee, or that the act of 1819 extends to it, without a forced and unnatural construction.
The fourth section of the statute of IS 19 enacts, “That all laws and parts of laws, within the purview and meaning of this act, shall be repealed, from, and after the passing thereof.”
The act of 1797, ch. 43, sec. 4, declares, “that in all cases where any person shall have had seven years peaceable possession of any land, by virtue of a grant, or deed of conveyance founded upon a grant, and no legal claim, by suit in law, is set up to said land within the above term? the person so holding possession, shall be entitled to hold in preference to all other claimants, such quantity of land as shall be specified in his said grant, or deed of conveyance founded on a grant; and any person who may neglect for said term of seven years, after possession taken, to avail himself of any title or legal claim, he may have to any lands, shall be forever barred.”
This statute makes no exception, and applies with equal force to the grant made by Virginia, as if made by North Carolina or Tennessee; nor is a connection of. title required to give effect to the statute, as was finally decided by this court, in Darby’s lessee vs. Gray and Reeder, *229 Martin and Yerger’s Rep. 396. A seven years continned and peaceable possession, therefore, under the deed referred to in the charge of the circuit court, would have confirmed the title in the defendants, unless the statute of 1797 is repealed by that of 1819; or unless the lessors of the plaintiff held a counter-possession of the disputed land.
The statute of 1819 repeals all laws coming within its purview; yet it only gives protection to possessions holden for seven years, of lands granted by North Carolina or Tennessee, as to all such possessions the act of 1715 and 1797 are repealed, because they operate on the same titles; but the act of 1797 goes further, and confirms all void deeds, founded upon grants, no matter by what authority made. The act of 1819 does not apply to grants made by Indian treaties, in the form of reservations, or to school sections, or to grants by Virginia, east of the Cumberland mountain, or to a large number of grants made by Virginia, and especially by Kentucky, west of Cumberland mountain and east of Tennessee river, lying south of Walker’s line, but north.of thirty degrees thirty minutes north latitude, provided for hy the fifth, sixth, and seventh articles of the compact of February, 1820, between Kentucky and Tennessee. 2 Hay. and Cobb’s Rev. last page. As to this very considerable number of titles, the statutes do not conflict, and the former are not within the purview of the latter, nor repealed hy it. Suppose the act of 1819 had confirmed all possessions of lands holden by deeds for seven years, which had been granted on Carter warrants, and repealed all laws coming within its purview, excluding the great mass of titles of the state, could it be holden with any claim to propriety, that the previous stat ■ utes of limitation of 1715 and 1797 had been utterly repealed? The case existing, does not differ from the one supposed, save in the quantity of lands excluded; the principle is the same. It is insisted, however, for the lessors of the plaintiff, that the evidence shows, a concurrent possession of the disputed land holden by the tenants of the *230 heirs of John Jones, which destroys the effect of the possession holden of the same land by the defendants. This is a matter of fact, on which the jury did not pass, and of which this court can take no notice.
The second section of the act of 1819 being general, and having no reference to title to givp boundary to the possession, was correctly given in charge to the jury; that so much land as was holden adversely seven years by permanent inclosures, could not be recovered by the lessors of the plaintiff under any circumstances; they not being within either of the exceptions in the statute, from any thing appearing in the record.
The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.